■ LOAN SERVICE CORPORATION, Respondent, v. BENDER FORD SALES, INC., Appellant.— Order of Onondaga County Court and judgment of Syracuse Municipal Court unanimously reversed on the law and facts and a new trial granted in the Syracuse Municipal Court, with costs in all courts to abide the event. Memorandum: The triers of the facts could have found from the proof upon the trial that defendant sold a used truck to one Martin. The latter applied to plaintiff for a $400 loan to finance the purchase price. An employee of plaintiff telephoned an employee of defendant and requested information to use in preparing a chattel mortgage. The latter stated the vehicle was a 1952 model and gave engine and serial numbers for the truck. Plaintiff prepared and Martin executed a mortgage containing this information and Martin was given plaintiff's check payable to Martin but indorsed by him

at the time of delivery by plaintiff to the order of defendant. It later developed that the information furnished by defendant was incorrect. The vehicle was a 1950 and not a 1952 model and the wrong motor number was given. The loan was reduced to about $350 by Martin, who made no further payments. There is no proof as to what attempt, if any, was made by plaintiff to collect from him. The complaint alleges a cause of action to recover damages for fraud. In substance it is alleged that defendant delivered to Martin a vehicle other than the one purchased and upon discovery of the fraud the purchaser refused to pay. No such proof was made at the trial. The case was submitted to the jury as a cause of action based upon the negligent act of defendant's employee in furnishing the information. Upon this appeal plaintiff attempts to sustain the recovery as one for money had and received. A new trial is required. If plaintiff has now abandoned its alleged cause of action based upon fraud the complaint should be amended. "A representation made with an honest belief in its truth may still be negligent, because of lack of reasonable care in ascertaining the facts, or in the manner of expression, or absence of the skill and competence required by a particular business or profession." (Prosser, Torts [2d ed.], p. 541; see, also, *International Prods. Co.* v. *Erie R. R. Co.*, 244 N. Y. 331; *Glanzer* v. *Shepard*, 233 N. Y. 236.) In the event a new trial is had attention is directed to a further deficiency in the proof. The trial court erroneously instructed the jury that there was evidence that Martin "went into bankruptcy." We find no such proof in the record. If negligence and freedom from contributory negligence are established "'plaintiff is entitled to indemnity, and no more, for the loss caused by the fault of the defendant, and it must show the extent of such loss.'" (*Hoffower* v. *Pennsylvania Exch. Bank*, 8 A D 2d 585.) (Appeal from order of Onondaga County Court affirming a judgment of Municipal Court of the City of Syracuse in favor of plaintiff, in an action to recover a loan.) Present — Williams, P. J., Bastow, Halpern, McClusky and Henry, JJ.